IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Carlos Piris Rodriquez, ) | |
| ) | C/A No. 0:05-1886-MBS |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **O R D E R & O P I N I O N** |
| ) | |
| Respondent. ) | |
| ) | |

## I. INTRODUCTION

Movant Carlos Piris Rodriquez ("Movant") moves the court, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant alleges that his sentence is illegal in light of the United States Supreme Court's rulings in Shepard v. United States, 125 S. Ct. 1254; 161 L. Ed. 2d 205 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). This matter is before the court on Respondent's motion to dismiss or for summary judgment and Movant's motion for summary judgment.

## II. FACTS

On March 4, 1998, Movant pleaded guilty to a one count indictment alleging a conspiracy to possess with intent to distribute cocaine base. He was sentenced on September 24, 1998 to 262 months in prison. Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals. On September 27, 1999, Movant filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing several grounds for relief. See Rodriquez v. United States, C/A # 0:99-cv-03236-DWS (September 27, 1999 D.S.C.). The Honorable Dennis Shedd,

then a United States District Judge, referred the matter to Magistrate Judge Joseph McCrorey for an evidentiary hearing to address Movant's claim that he received ineffective assistance of counsel when his attorney at sentencing allegedly failed to file a notice of Movant's intent to appeal his sentence. After Movant notified Magistrate Judge McCrorey that he wished to abandon this claim, the Magistrate Judge recommended that this claim be dismissed. Report and Recommendation of Magistrate Judge, 1. Judge Shedd adopted the Magistrate Judge's Recommendation and granted summary judgment to Respondent on all remaining claims. Order Adopting Report and Recommendation and Granting Summary Judgment, 1. Judgment was entered in favor of Respondent on June 28, 2000.

On June 30, 2005, Movant filed the underlying motion pursuant to 28 U.S.C. § 2255. On September 1, 2005, Respondent filed a motion for a continuance asking for an additional 45 days to respond to Movant's motion.[1] The court granted Respondent's Motion on September 12, 2005. On September 21, Respondent filed a response and moved the court to dismiss the motion or, in the alternative, grant summary judgment in Respondent's favor. Movant then moved this court for summary judgment pursuant to Fed. R. Civ. P. 56 on October 24, 2005.

### III. LAW/ANALYSIS

A district court must dismiss a second or successive § 2255 motion absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. 28 U.S.C. §

---

[1] On this same date, Movant filed a "Notice for Default" and requested that "this matter be ruled on in his favor" because the "Government [failed to] reply[] in a timely manner." Motion for Default, 1. The Court granted Respondent's motion and effectively denied Movant's request.

2255 ("A second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals . . ."). Further, 28 U.S.C. § 2255 bars the issuance of such certification for successive petitions unless they allege claims relying on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003) (quoting 28 U.S.C. § 2255 P. 8). As noted, Movant has previously filed a motion to vacate his sentence under 28 U.S.C. § 2255 that was decided on the merits. Accordingly, the court dismisses Movant's underlying § 2255 motion without prejudice as it is successive and is not authorized by the Fourth Circuit Court of Appeals.

Before Movant attempts to file a successive § 2255 motion in the United States District Court for the District of South Carolina, Movant *must* seek and obtain leave (i.e., written permission) from a panel of the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244. See 28 U.S.C. § 2255 P.8. Movant can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[2]

---

[2]The address for the Court of Appeals for the Fourth Circuit is:

> 1100 East Main Street
> Richmond, Virginia 23219.

## IV. CONCLUSION

For the reasons stated above, Movant's motion for summary judgment is **DENIED** and Respondent's motion to dismiss is **GRANTED**. Movant's motion pursuant to 28 U.S.C. § 2255 is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

        /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

December 2, 2005
Columbia, South Carolina